UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID S. STEWART,

    Plaintiff,

v.

SUPREME COURT OF CALIFORNIA,

    Defendant
_____/

No. C 14-3447 MEJ (PR)

**ORDER OF DISMISSAL**

Plaintiff is a prisoner of the State of California who is incarcerated at Folsom State Prison. He has filed a *pro se* petition for a writ of mandamus.

## BACKGROUND

In March 2013, Plaintiff was sentenced to a term of six years in state prison for failing to register a change of address. He contends that a writ of mandamus is the proper vehicle by which to compel Defendant, specifically the California Supreme Court, to apply the mailbox rule to Plaintiff's petition for review and deem it timely filed. Plaintiff claims that the petition for review was due in the California Supreme Court on May 14, 2014, and although it was received by the California Supreme Court on May 15, 2014, Plaintiff had mailed the petition on May 12, 2014.

## DISCUSSION

I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is

immune from such relief." *Id.* § 1915A(b). However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d, 696 699 (9th Cir. 1990).

## II. Writ of Mandamus

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is an extraordinary remedy, however. It is available to compel a federal officer to perform a duty only under circumstances. *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

This Court has no authority to take the action requested by Plaintiff against Defendant, a state court, by way of a writ of mandamus. Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991). Plaintiff's mandamus remedy, if any, lies in state court.

## CONCLUSION

For the foregoing reasons, Plaintiff's petition for a writ of mandamus is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: October 29, 2014

Maria-Elena James
United States Magistrate Judge

2